# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I. (a) PLAINTIFFS
SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; WARNER BROS. RECORDS INC.; and BMG MUSIC

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
New York County, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANT**
JOHN DOE
COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
HOLME ROBERTS & OWEN LLP
Dawniell Zavala (SBN: 253130)    Phone: (415) 268-2000
560 Mission Street, 25th Floor    Fax: (415) 268-1999
San Francisco, CA 94105-2994

**ATTORNEYS (IF KNOWN)**

E-filing
BZ
ADR

## II. BASIS OF JURISDICTION (PLACE AN "√" IN ONE BOX ONLY)

- □ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- □ 2 U.S. Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "√" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business In This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business In Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. ORIGIN (PLACE AN "√" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify)
- □ 6 Multidistrict Litigation
- □ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| □ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | □ 610 Agriculture | □ 422 Appeal 28 USC 158 | □ 400 State Reapportionment |
| □ 120 Marine | □ 310 Airplane | □ 362 Personal Injury Med. Malpractice | □ 620 Other Food & Drug | | □ 410 Antitrust |
| □ 130 Miller Act | □ 315 Airplane Product Liability | □ 365 Personal Injury Product Liability | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 423 Withdrawal 28 USC 157 | □ 430 Banks and Banking |
| □ 140 Negotiable Instrument | □ 320 Assault, Libel & Slander | □ 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | □ 450 Commerce/ICC Rates/etc. |
| □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 330 Federal Employers' Liability | | □ 630 Liquor Laws | ☒ 820 Copyrights | □ 460 Deportation |
| □ 151 Medicare Act | □ 340 Marine | | □ 640 RR & Truck | □ 830 Patent | □ 470 Racketeer Influenced and Corrupt Organizations |
| □ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | □ 345 Marine Product Liability | **PERSONAL PROPERTY** | □ 650 Airline Regs | □ 840 Trademark | □ 810 Selective Service |
| □ 153 Recovery of Overpayment of Veteran's Benefits | □ 350 Motor Vehicle | □ 370 Other Fraud | □ 660 Occupational Safety/Health | | □ 850 Securities/Commodities/Exchange |
| □ 160 Stockholders' Suits | □ 355 Motor Vehicle Product Liability | □ 371 Truth in Lending | □ 690 Other | **SOCIAL SECURITY** | □ 875 Customer Challenge 12 USC 3410 |
| □ 190 Other Contract | □ 360 Other Personal Injury | □ 380 Other Personal Property Damage | **LABOR** | □ 861 HIA (1395ff) | □ 891 Agricultural Acts |
| □ 195 Contract Product Liability | | □ 385 Property Damage Product Liability | □ 710 Fair Labor Standards Act | □ 862 Black Lung (923) | □ 892 Economic Stabilization Act |
| □ 196 Franchise | | | □ 720 Labor/Mgmt. Relations | □ 863 DIWC/DIWW 405(g) | □ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | □ 730 Labor/Mgmt. Reporting & Disclosure Act | □ 864 SSID Title XVI | □ 894 Energy Allocation Act |
| □ 210 Land Condemnation | □ 441 Voting | □ 510 Motions to Vacate Sentence | □ 740 Railway Labor Act | □ 865 RSI (405(g)) | □ 895 Freedom of Information Act |
| □ 220 Foreclosure | □ 442 Employment | Habeas Corpus: | □ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | □ 900 Appeal of Fee Determination Under Equal Access to Justice |
| □ 230 Rent Lease & Ejectment | □ 443 Housing | □ 530 General | □ 791 Empl. Ret. Inc. Security Act | □ 870 Taxes (U.S. Plaintiff or Defendant) | □ 950 Constitutionality of State Statutes |
| □ 240 Torts to Land | □ 444 Welfare | □ 535 Death Penalty | | □ 871 IRS—Third Party 26 USC 7609 | □ 890 Other Statutory Actions |
| □ 245 Tort Product Liability | □ 440 Other Civil Rights | □ 540 Mandamus & Other | | | |
| □ 290 All Other Real Property | □ 445 Amer w/disab - Empl | □ 550 Civil Rights | | | |
| | □ 446 Amer w/disab –Other | □ 555 Prison Condition | | | |
| | □ 480 Consumer Credit | | | | |
| | □ 490 Cable/Satellite TV | | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

17 U.S.C. § 501 et seq. – copyright infringement

## VII. REQUESTED IN COMPLAINT
□ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23:
DEMAND $ Statutory damages; injunction
□ CHECK YES only if demanded in complaint
JURY DEMAND:    □ YES    ☒ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND    □ SAN JOSE

DATE   August 21, 2008        SIGNATURE OF ATTORNEY OF RECORD

1  Dawniell Zavala (State Bar No. 253130)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
   San Francisco, CA 94105-2994
3  Telephone: (415) 268-2000
4  Facsimile: (415) 268-1999
   Email:     dawniell.zavala@hro.com
5
6  Attorneys for Plaintiffs,
   SONY BMG MUSIC ENTERTAINMENT;
7  UMG RECORDINGS, INC.; WARNER
   BROS. RECORDS INC.; and BMG MUSIC

E-filing

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
_____ DIVISION

BZ

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,<br><br>        Plaintiffs,<br><br>  v.<br><br>JOHN DOE,<br>        Defendant. | CASE NO. CV 08 3994<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#39475 v1

**JURISDICTION AND VENUE**

1.  This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2.  This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3.  Venue in this District is proper. See 28 U.S.C. §§ 1391(b), 1400(a). Although the true identity of Defendant is unknown to Plaintiffs at this time, on information and belief, Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by Plaintiffs. On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one. In addition, Defendant contracted with an Internet Service Provider ("ISP") found in this District to provide Defendant with the access to the Internet which facilitated Defendant's infringing activities.

**PARTIES**

4.  Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

5.  Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

6.  Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

7.  Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

8.  The true name and capacity of Defendant are unknown to Plaintiffs at this time. Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to Defendant by his or her ISP on the date and time of Defendant's infringing activity. See Exhibit A. Plaintiffs

1

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#39475 v1

believe that information obtained in discovery will lead to the identification of Defendant's true name.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

9. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

10. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of Exhibit A.

11. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

12. Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has continuously used, and continues to use, an online media distribution system to download and/or distribute to the public certain of the Copyrighted Recordings. Exhibit A identifies the IP address with the date and time of capture and a list of copyrighted recordings that Defendant has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public. Through his or her continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted Recordings, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive rights under copyright. (In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and believe Defendant has, without the permission or consent of Plaintiffs, continuously downloaded and/or distributed to the public additional sound recordings owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of

1  infringement are ongoing. Exhibit A includes the currently-known total number of audio files being
2  distributed by Defendant.)
3       13.    Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on
4  each respective album cover of each of the sound recordings identified in Exhibit A. These notices
5  of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.
6  These published copies were widely available, and each of the published copies of the sound
7  recordings identified in Exhibit A was accessible by Defendant.
8       14.    Plaintiffs are informed and believe that the foregoing acts of infringement have been
9  willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.
10      15.    As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights
11 under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against
12 Defendant for each infringement of each copyrighted recording. Plaintiffs further are entitled to
13 their attorneys' fees and costs pursuant to 17 U.S.C. § 505.
14      16.    The conduct of Defendant is causing and, unless enjoined and restrained by this
15 Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated
16 or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502
17 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing
18 Plaintiffs' copyrights, and ordering that Defendant destroy all copies of copyrighted sound
19 recordings made in violation of Plaintiffs' exclusive rights.
20     WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:
21         1.    For an injunction providing:

> "Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings or to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded

3

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#39475 v1

recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. For Plaintiffs' costs in this action.

4. For Plaintiffs' reasonable attorneys' fees incurred herein.

5. For such other and further relief as the Court may deem just and proper.

Dated:   August 21, 2008

HOLME ROBERTS & OWEN LLP

By _____
DAWNIELL ZAVALA
Attorney for Plaintiffs
SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; WARNER BROS. RECORDS INC.; and BMG MUSIC

4

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#39475 v1

# EXHIBIT A

# JOHN DOE

**IP Address:** 169.233.44.26 2008-01-20 08:35:57 EST         **CASE ID#** 156165331

**P2P Network:** GnutellaUS                                    **Total Audio Files:** 1147

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT | Switchfoot | Meant to Live | The Beautiful Letdown | 347-967 |
| UMG Recordings, Inc. | Black Eyed Peas | Anxiety | Elephunk | 334-398 |
| SONY BMG MUSIC ENTERTAINMENT | Mariah Carey | Without You | Music Box | 178-631 |
| Warner Bros. Records Inc. | Green Day | Minority | Warning | 288-352 |
| UMG Recordings, Inc. | Black Eyed Peas | Bebot | Monkey Business | 378-166 |
| BMG Music | Usher | Bad Girl | Confessions | 354-784 |
| UMG Recordings, Inc. | Sum 41 | The Hell Song | Does This Look Infected? | 337-798 |

COMPLAINT FOR COPYRIGHT INFRINGEMENT
Case No. _____
#39475 v1